

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-68,962-01

### EX PARTE TRACY RAY GIBSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F14962-2007-A IN THE 145TH DISTRICT COURT
### FROM NACOGDOCHES COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). This Court originally denied the application without written order on January 9, 2008. However, it has since come to light that the denial may have been erroneous. Therefore, this Court will now reconsider the denial on the Court's own motion, and will remand the matter to the trial court for affidavits and findings to further address Applicant's claims.

Applicant pleaded guilty pursuant to an indictment which named the offense as aggravated

robbery but alleged the elements of robbery, enhanced by a prior felony conviction. Pursuant to a plea agreement, Applicant was sentenced to twenty years' imprisonment. He did not appeal his conviction.[1]

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel did not investigate and discover that the facts did not support a charge of aggravated robbery. Applicant also alleges that trial counsel did not explain to him the elements of the offense of aggravated robbery. As noted above, the indictment alleged the elements of robbery, a second degree felony with a single prior felony enhancing the punishment range to that of a first degree felony, or five to ninety-nine years' or life imprisonment. However, the offense listed in the heading of the indictment was aggravated robbery. The plea papers show that Applicant was admonished that he was pleading guilty to aggravated robbery, and that the punishment range was that of an enhanced first degree felony, or fifteen to ninety-nine years' or life imprisonment. Although the twenty-year sentence in exchange for which Applicant pleaded guilty falls within both punishment ranges, the record suggests that Applicant was not informed that the minimum punishment was five, rather than fifteen years' imprisonment. The judgment showed the offense of which Applicant was convicted as aggravated robbery, a first degree felony.

After Applicant filed this application in the district court but before the application was forwarded to this Court the trial court entered a judgment *nunc pro tunc*, correcting the judgment to reflect a conviction for the second degree offense of robbery. The trial court recommended denying relief on the habeas application, finding that Applicant in fact pleaded guilty to robbery, enhanced,

---

[1]Applicant did try belatedly to file a direct appeal, but the appeal was dismissed for want of jurisdiction. *Gibson v. State*, No. 12-12-00403-CR (Tex. App. – Tyler, December 5, 2012)(not designated for publication).

rather than aggravated robbery, enhanced. Apparently, Applicant was not provided with a copy of the judgment *nunc pro tunc* until several years after this Court had denied his habeas application.

In response to subsequent habeas applications filed by Applicant, the trial court also noted that the judgment *nunc pro tunc* was to Applicant's benefit. While it is true that Applicant is not presently suffering the adverse parole consequences of an aggravated robbery conviction because of the judgment *nunc pro tunc*, the entry of the judgment *nunc pro tunc* did not address the possibility that Applicant's plea was not knowingly and voluntarily entered because he was incorrectly admonished as to the applicable punishment range for the offense charged.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he performed an investigation of the facts underlying this charge, and if so, whether the facts supported a charge of aggravated robbery, or only a charge of robbery. Trial counsel shall state whether he discussed with Applicant the elements of an aggravated robbery charge, and the facts the State would have to prove in order to convict Applicant of aggravated robbery. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a transcript of the plea proceedings in this case, if such a transcript exists or can be produced. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant would have pleaded guilty in exchange for a twenty-year sentence had he been properly advised that the applicable punishment range was five to ninety-nine years' or life imprisonment, rather than fifteen to ninety-nine years' or life imprisonment. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 1, 2015
Do not publish